USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-15-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| SHARON HAWKINS, derivatively on behalf of MEDAPPROACH, L.P., and individually, | |
| Plaintiff, | 13-cv-05434 (ALC) |
| -against- | |
| | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| MEDAPPROACH HOLDINGS, INC. and W. BRADLEY DANIEL, | |
| Defendants, And | |
| MEDPROACH, L.P., | |
| Nominal-Defendant. | |

-----------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

This matter was referred to Magistrate Judge Stewart D. Aaron pursuant to an Order dated October 2, 2017. Judge Aaron issued a Report and Recommendation ("R&R") on January 9, 2018, recommending that Defendants' motion to enforce the settlement agreement be denied. Defendants filed objections to that Report, and Plaintiff responded. The Court now overrules those objections, adopts the R&R in full, and denies Defendants' motion.

The Court may accept, reject, or modify, in whole or part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the R&R, the Court must make a *de novo* determination of those portions of the R&R to which objections are made, but may accept uncontested portions so long as those portions are not "clearly erroneous." *Id.*; *see also Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

The Court assumes familiarity with the facts as recounted in the R&R. In the R&R, Judge Aaron applied the four factor test set forth in *Winston v. Mediafare Entm't Corp.*, 777 F.2d

1

78, 80 (2d Cir. 1985), finding specifically that each of the four *Winston* factors weighs against a finding of a valid and enforceable settlement agreement. Pursuant to *Winston*, in determining whether to enforce a settlement in the absence of a formal written agreement, courts consider: "(1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston*, 777 F.2d at 80. Defendants object to Judge Aaron's application of each of these factors.

The most critical of these objections is to the Magistrate Judge's finding that the written notation "subject to attorney review and discussion" next to the distribution of shares provision in the Settlement Agreement (§ 1.B) constituted an express reservation of the right not to be bound and thus the parties did not agree to all material terms. The first *Winston* factor, although not dispositive, is entitled to great weight. *See Hernandez v. Fresh Diet Inc.*, No. 12-cv-4339 (ALC), 2017 WL 4838328, at *3 (S.D.N.Y. Oct. 25, 2017). The Second Circuit has observed that "where there is a writing between the parties showing that one party did not intend to be bound[,] a court need look no further than the first factor." *Kaczmarcysk v. Dutton*, 414 Fed. App'x 354, 355 (2d Cir. 2011) (internal quotation marks and citations omitted).

Relying on a New York Court of Appeals decision, Magistrate Judge Aaron concluded that "subject to" is the equivalent of "condition or depending on." This is undoubtedly correct. On its face, the language of the notation indicates that the term remained an open issue. Contrary to Defendants' assertion, the notation is not akin to a provision indicating that parties will enter a more formalized agreement pursuant to the terms. *See Suarez v. SCF Cedar, LLC*, 13-CV-7420 (ALC) (RLE), 2016 WL 6601547, at *2 (S.D.N.Y. Mar. 14, 2016) (finding term

2

sheet enforceable where the term sheet contained a provision stating "[t]he attorneys are to provide a more formalized agreement of the above terms"). If the phrase "subject to attorney review and discussion" called for the drafting of additional corporate documents, then there would be text in the agreement indicating just that, as was the case in *Suarez*. But there is not. On the contrary, the words "attorney *review and discussion*" demonstrate that the issue was open and subject to further negotiation. Accordingly, the Court agrees with Judge Aaron's finding that the factor weighs in favor of non-enforcement. This should end the inquiry. *Kaczmarcysk*, 414 Fed. App'x at 355.

The Defendants' other objections to Judge Aaron's evaluation of the other three factors are without merit. The Court finds that Judge Aaron correctly weighed these factors.

For the foregoing reasons, Defendants' objections are overruled and its motion to enforce the settlement is denied. Accordingly, the Court will hold a status conference on April 4 , 2018, at 10 : 00a.m. All parties (and/or counsel) should appear in person in Courtroom 1306 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, on the date and time specified above.

**SO ORDERED.**

**Dated: March 15, 2018**
      **New York, New York**
                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**