USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON HAWKINS, derivatively on behalf of MEDAPPROACH, L.P., and individually,

          Plaintiff,

-against-

MEDAPPROACH HOLDINGS, INC. and W. BRADLEY DANIEL,

          Defendants,
     and

MEDAPPROACH, L.P.,

          Nominal-Defendant.

1:13-cv-05434 (ALC) (SDA)

<u>OPINION AND ORDER</u>

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

    Before the Court is a motion by Defendants MedApproach Holdings, Inc. ("Holdings") and W. Bradley Daniel ("Daniel") (collectively, the "Defendants") to compel Plaintiff Sharon Hawkins ("Plaintiff" or "Hawkins") to produce tax returns. (Defs.' 6/21/18 Letter-Mot., ECF No. 162.) For the reasons set forth below, Defendants' motion is GRANTED.

<u>BACKGROUND</u>

    This case arises out of a complex web of entities created to invest in the development, production and sale of the abortion drug mifepristone, also known as RU-486. Hawkins asserted claims against Holdings and Daniel (its owner) alleging, among other things, breaches of fiduciary duties owed to MedApproach, L.P. ("MALP"), an entity in which Plaintiff owns approximately 88% of the limited partnership interests. (Second Am. Compl. ("SAC"), ECF No. 115 ¶¶ 1, 4.)

1

Following decisions by the District Court on two motions to dismiss,[1] there remain in this case, in addition to a breach of contract claim, three claims for breach of fiduciary duty, which are set forth in Counts IV, V and VII of the SAC.[2] (SAC ¶¶ 112-27, 133-35.) Count IV—which concerns the tax status of N.D. Management, Inc. ("NDM"), an entity 75%-owned by MALP (SAC ¶¶ 48, 115)—is the breach of fiduciary duty claim that is implicated by the pending motion to compel.

By way of background, Plaintiff alleges that distributions to limited partners of MALP are subject to "double taxation." (SAC at pp. 13-15.) Specifically, Plaintiff alleges as follows:

> As the general partner of Danco Investors Group, [NDM] is allocated a significant share . . . of the profits flowing through Danco Investors from the [RU-486] Project. As a "C Corporation," [NDM] must first pay state and federal taxes on distributions made to it by Danco Investors Group before that money is paid as dividends to [MALP] and then as distributions by [MALP] to [MALP's] limited partners, who must then pay tax again on their respective shares.
>
> Over the years, [NDM] has paid millions of dollars in taxes. These taxes are completely unnecessary and could be eliminated if, for example, [NDM] was converted to an S Corp. and its shares were simply distributed to the limited partners of [MALP] on a *pro rata* basis. Despite repeated requests, however, the Defendants have refused to take the steps appropriate to eliminate this waste. …

(SAC ¶¶ 48-49.) In Count IV, Plaintiff alleges that the "taxable status of [NDM] and the resulting tax imposed on income received by [NDM] results in diminished income to [NDM], and thus to

---

[1] In August 2014, the District Court granted Defendants' motion to dismiss three proxy-related claims contained in a First Amended Complaint as presumptively untimely and denied Defendants' motion as to three other claims, but granted Plaintiff leave to replead as to the dismissed claims. *Hawkins v. MedApproach Holdings, Inc.*, No. 13-CV-5434 (ALC) (DF), 2014 WL 3926811 (S.D.N.Y. Aug. 11, 2014). In November 2015, the District Court again dismissed as untimely the three proxy-related claims that Plaintiff had reasserted in her Second Amended Complaint. *Hawkins*, No. 13-CV-5434 (ALC) (DF), 2015 WL 8480076 (S.D.N.Y. Nov. 30, 2015).

[2] Counts IV and V indicate that they are being brought "Derivatively Against Holdings and Mr. Daniel" (SAC at 31, 34), and Count VII indicates that it is being brought by "Plaintiff Individually Against Holdings and Mr. Daniel." (SAC at 38.)

[MALP] and its limited partners, as well as a reduction in the value of the limited partnership units." (SAC ¶ 115.) One of the forms of relief requested by Plaintiff on Count IV is "[p]ermanent injunctive relief compelling the Defendants to take all appropriate actions necessary to eliminate the taxable status of [NDM] that results in an unnecessary level of taxation on distributions to the limited partners of [MALP]." (SAC at p. 33.)

By their motion, Defendants seek to compel Plaintiff to produce tax returns for any year as to which she claims she suffered damages based upon NDM's corporate status.[3] Defendants assert that, in order to measure any damages that were suffered by Plaintiff by reason of NDM's corporate status, Defendants need certain information regarding Plaintiff's taxes, including her "tax rate, deductions, credits and the like." (Defs.' 6/21/18 Letter-Mot. at 2.) Plaintiff responded that her "tax returns have no conceivable relevance to any aspect of this case." (Pl.'s 6/25/18 Letter Resp., ECF No. 163 at 3.) Among other reasons, she asserts that Count IV is brought derivatively on behalf of MALP such that her personal tax returns are not germane. (*See id.* at 2.) Defendants submitted a reply letter asserting that, even if Plaintiff's claims were asserted derivatively, her tax returns nevertheless are relevant since she is a limited partner of the entity on whose behalf she asserts Count IV. (Def. 6/26/18 Letter Reply, ECF No. 165 at 1-2.)

The Court held oral argument on the motion by telephone on June 28, 2018.

---

[3] Defendants' Letter-Motion also seeks to compel production of tax returns for Plaintiff's husband, who is not a party to this case. (Defs.' 6/21/18 Letter-Motion at 2.) During oral argument, Plaintiff's counsel represented that Plaintiff's tax returns were filed jointly with her husband. Thus, for purposes of deciding the pending motion to compel, there is no distinction between Plaintiff's tax returns and those of her husband.

3

## DISCUSSION

### I. Legal Standards

Tax returns in the possession of the taxpayer are not immune from civil discovery. *See St. Regis Paper Co. v. United States*, 368 U.S. 208, 218-19 (1961). However, courts generally are reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns. *See Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (citation omitted). A party seeking to compel production of tax returns in civil cases must meet a two-part test: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015) (citing *Securities and Exchange Commission v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985)).

Limited partnerships, which are taxed as "pass-through" entities, do not pay any income tax, but instead file information returns and reports to each partner on his or her pro-rata share of all income, deductions, gains, losses, credits and other items. 2 Myron Cove & Alvin L. Arnold, *Real Estate Transactions: Structure and Analysis with Forms* § 16:48 (2018). The partner then reports those items on his or her individual income tax return. *Id.* "The limited partnership serves as a conduit through which the income tax consequences of a project or enterprise are passed through to the individual partners." *Id.*

### II. Application

The Court finds in its discretion that Plaintiff's tax returns are relevant to Count IV of the SAC. The crux of Plaintiff's argument regarding NDM's corporate status is that MALP's limited

partners were subject to "double taxation," and therefore that the limited partners, one of whom was Plaintiff herself, were damaged. The Court also finds that Defendants have established a compelling need. The Court is satisfied that, in order for Defendants to ascertain whether or not Plaintiff, who owns about an 88% share in MALP, would have paid lesser taxes if NDM had been converted to an S corporation, Plaintiff must produce her tax returns to Defendants.[4] The tax returns will disclose, among other things, Plaintiff's tax rate, deductions and credits that affect the tax due by her.

Furthermore, Plaintiff has not demonstrated that there are alternative sources for the information. *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *5 (S.D.N.Y. Dec. 3, 2015).[5] "While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information." *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (S.D.N.Y. 1988). Any concerns that exist regarding the private nature of the information contained in the tax returns can be addressed by

---

[4] Plaintiff argues that her tax returns are not relevant since Court IV is a derivative claim and that the damages were incurred by MALP, and not her. However, this argument is belied by the allegations of the SAC, which provide: "As a limited partnership, [MALP] is a flow-through entity for tax purposes: all profits and losses flow directly to individual limited partners. [MALP] itself does not pay taxes on its income. Instead, its income is distributed to the limited partners, who pay taxes on their respective shares." (SAC ¶ 47.)

[5] During oral argument, Plaintiff's counsel suggested that, in lieu of the production of Plaintiff's tax returns, her accountant could provide a statement reflecting Plaintiff's marginal tax rate. Such a statement is not an alternative source, nor is it a substitute for production of Plaintiff's tax returns. Even if the Court were to accept such a statement, Defendants would need to be able to cross-examine the accountant at a deposition regarding the contents of the statement, and would need to be able to have access to Plaintiff's tax returns in order to adequately prepare for such a deposition.

5

making the tax returns subject to the terms of the Stipulation and Order of Confidentiality previously entered in this case. (*See* ECF No. 30.)

**CONCLUSION**

For the foregoing reasons, Defendants' Letter-Motion is GRANTED. Plaintiff shall produce within ten (10) days of this Opinion and Order her tax returns for any year as to which she claims she was damaged based upon NDM's corporate status. Such tax returns shall be deemed "CONFIDENTIAL" and shall be subject to the terms of the Stipulation and Order of Confidentiality.

The Clerk of Court is directed to terminate the pending motion at ECF No. 162.

DATED: June 28, 2018
New York, New York

_____
**STEWART D. AARON**
**United States Magistrate Judge**