**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------- x
**Sharon Hawkins,** *derivatively on behalf of*                    :
*MedApproach, L.P., and individually,*                             :
                                                                   :
                                          **Plaintiff,**           :          **13-CV-5434-ALC**
                                                                   :
                      **-against-**                                :          <u>**Memorandum and Opinion**</u>
                                                                   :
**MedApproach Holdings, Inc., et al.,**                            :
                                                                   :
                                          **Defendants.**          :
                                                                   :
----------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

The Court assumes knowledge of the factual and procedural background in this case based

upon prior filings. *See, e.g.*, ECF No. 274. As relevant here, on July 29, 2020, this Court dismissed

all but one of the counts against Defendants MedApproach Holdings, Inc., W. Bradley Daniel, and

MedApproach, L.P. (collectively, "Defendants"). The sole surviving count, a derivative claim for

breach of fiduciary duty against Defendant Mr. Daniel, is the subject of the present motion to strike

a jury demand. In this claim, Plaintiff Sharon Hawkins ("Plaintiff"), on behalf of MedApproach

L.P. ("MedApproach"), alleges that Mr. Daniel caused N.D. Management ("NDM") to issue

unauthorized payments to him and an associate." In the Third Amended Complaint ("TAC"),

Plaintiff demands a jury trial seeking the following relief for Mr. Daniel's alleged breach of

fiduciary duty:

- "An award of damages in an amount sufficient to compensate MedApproach and
  N.D. Management for the damage they suffered as a result of the conduct
  described in this Count;" (TAC ¶ 143A)

- "An order directing Mr. Daniel to disgorge and repay to N.D. Management all
  amounts wrongfully taken from N.D. Management;" (TAC ¶ 143B)

- "Awarding Plaintiff the fees and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts;" (TAC ¶ 143C)

- "Granting such other and further relief as the Court may deem just and proper." (TAC ¶ 143D)

On December 23, 2020, Defendants moved this Court for an order pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure striking the jury demand in the TAC. ECF No. 282–83. Plaintiff filed an opposition to the motion on January 18, 2021, which included a request to withdraw the claim for relief seeking an order to disgorge and repay. ECF No. 288. On January 25, 2021, Defendants submitted a reply. ECF No. 289. The Court considers the motion fully briefed.

## APPLICABLE LEGAL STANDARDS

Under Rule 39(a)(2) of the Federal Rules of Civil Procedure, a jury demand may be stricken if "the court, on motion or its own, finds that on some or all of those issues there is no federal right to a jury trial." The right to a jury trial, enshrined in the Seventh Amendment, is limited to "[S]uits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. Amend. VII. "Suits at common law" refer to "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (emphasis in original) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (citation omitted). "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Scheidt*, 293 U.S. 474, 486 (1935)).

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that a party "may amend its pleading once as a matter of course[,]" Fed. R. Civ. P. 15(a)(1), but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Rule 15(a)(2) further instructs district courts to "freely give leave [to amend] when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10). But district courts may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Foman*, 371 U.S. at 182.

## DISCUSSION

### I. Right to Jury Trial

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963). In a federal court sitting in diversity, "the substantive dimension of the claim asserted finds its source in state law," *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), while "the characterization of that state-created claim as legal or equitable for purposes of [deciding] whether a right to jury trial is indicated must be made by recourse to federal law." *Simler,* 372 U.S. at 222 (internal citations omitted).

To determine whether legal or equitable rights are at stake in a suit, the Supreme Court adopted a two-prong test, which considers (1) whether the plaintiff's claims have an analogous eighteenth-century action that would have been "brought in the courts of England prior to the merger of the courts of law and equity," and (2) whether "the remedy sought" is "legal or equitable in nature." *See Granfinanciera*, 492 U.S. at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417–

18 (1987)); *see also Chauffeurs*, 494 U.S. at 565. "The second stage of this analysis is more important than the first." *Id.*

**A. *The Breach of Fiduciary Duty Claim Would Have Been Brought in a Court of Equity***

The well-settled rule in the Second Circuit is that claims for breach of fiduciary duty "were historically within the jurisdiction of the equity courts." *Pereira v. Farace*, 413 F.3d 330, 338 (2d Cir. 2005) (finding that claims for breach of fiduciary duty under Delaware law would have been brought in equity courts) (citing *Chauffeurs*, 494 U.S. at 567); *see also McCord v. Papantoniou*, 316 B.R. 113, 123 (E.D.N.Y. 2004). Plaintiff neither argues that the general rule would not apply here nor offers any exceptions to the rule. Based on the controlling precedent in this Circuit and Plaintiff's failure to directly dispute that the claim would have been heard in a court of equity, the Court concludes that the first prong of *Granfinanciera* weighs against a right to jury trial.

**B. *The Remedies Sought Are Equitable in Nature.***

Turning to the second step of *Granfinanciera*, the parties dispute whether the remedies sought by Plaintiff are legal or equitable in nature. For the sole count left in this case, Plaintiff requests restitution and an award of damages.[1] The Court concludes that the remedies sought are equitable in nature.

    1. *Restitution*

Plaintiff's request to order Mr. Daniel to repay funds is equitable in nature. In *Pereira*, the Second Circuit "reconfigured the legal landscape of restitution," writing that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to

---

[1] Plaintiff also requests attorneys' fees and expenses and other relief the Court deems just and proper. These remedies are traditionally equitable in nature and do not require a jury. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 299–300 (2d Cir. 2006); *see also Cunningham v. Cornell Univ.*, No. 16-CV-6525 (PKC), 2018 WL 4279466, at *2 (S.D.N.Y. Sept. 6, 2018) (citing Restatement (Third) of Trusts § 95 (2012)).

restore the plaintiff particular funds or property *in the defendant's possession*." *Pereira*, 413 F.3d at 339–41 (citing *Great-West*, 534 U.S. 204, 214 (2002) (footnote omitted) (emphasis added)). The "limited exception" to this general rule is for "an accounting of profits."[2] *Pereira*, 413 F.3d at 340 (quoting *Great-West*, 534 U.S. at n.2). Based on this understanding of the legal landscape, the *Pereira* court determined that the district court erred in striking the jury demand because the defendants in that case did not possess the specific funds and property at issue. That court further reasoned that the defendants had no "unjust gain" to which restitution would apply. *Id.* at 340; *Design Strategy*, 469 F.3d at 299–300 (affirming denial of jury trial for breach of fiduciary duty claim because remedies sought were equitable and not legal, including "money unjustly earned [by the defendants])."

Here, Plaintiff expressly seeks "[a]n order directing Mr. Daniel to disgorge and repay to [NDM] all amounts wrongfully taken from [NDM]." TAC ¶ 143(B). She alleges that Mr. Daniel caused NDM to make unauthorized payments to him. Thus, her prayer for repayment of amounts wrongfully earned by Mr. Daniel "could clearly be traced to particular funds or property in [his] possession" and, therefore, that remedy sounds in equity. *Great-West*, 534 U.S. at 213.

### 2. *Award of Damages*

Under the Seventh Amendment, monetary damages have traditionally been considered legal in nature. However, the Supreme Court has outlined two exceptions to this general rule: (1) "where they are restitutionary, such as in 'action[s] for disgorgement of improper profits'" or (2) when the award is "incidental to or intertwined with injunctive relief." *Tull*, 481 U.S. at 424.

The "award of damages" in the present case is equitable in nature because Plaintiff seeks damages that are restitutionary—similar to "an action for disgorgement of profits." Plaintiff's brief

---

[2] The TAC does not allege that Plaintiff seeks "an accounting of profits" with respect to the remaining count, so the exception does not apply.

contains blanket assertions that she seeks a money judgment based upon (1) Mr. Daniel's personal liability for unauthorized payments made to himself and his associate, and (2) harm caused to MedApproach's 75% interest in NDM.[3] But these theories fail to pass muster under the controlling law.

Neither theory plausibly alleges that Plaintiff is seeking any funds or property aside from the unauthorized payments Mr. Daniel made to himself. Unlike the plaintiff in *Pereira*, Plaintiff here does not seek funds or property in the hands of third parties. *Cf. Richter v. Van Amberg*, No. CIV 97-751 LH/DJS, 1998 WL 36030154, at *2 (D.N.M. Nov. 4, 1998). Indeed, *Pereira* demonstrates why the damages sought are restitutionary as a matter of law. The complaint in *Pereira* alleged that directors and officers breached their fiduciary duties to creditors of an insolvent company and identified several categories of monetary damages:

> (1) [Defendant] Cogan's unauthorized borrowing of over $13 million from Trace; (2) Cogan's unauthorized loans and gifts to other insiders; (3) Cogan's excessive compensation; (4) Cogan's unilateral renewal of his employment agreement; (5) payment of dividends without Board approval and at a time when Trace's capital was impaired; (6) a $3 million redemption of Trace preferred stock when capital was impaired; and (7) use of over $1 million in corporate funds for Cogan's birthday party. *Pereira* at 335.

The Second Circuit concluded that the district court erred in finding that the categories of damages sought were equitable in nature because defendants were never unjustly enriched. *Id.* at 339 ("[Defendants] emphasize that, because they never possessed the funds in question and thus were not unjustly enriched, the remedy sought against them cannot be considered equitable . . . . We agree."). Unlike *Pereira*, the TAC here does not allege that, as to the remaining count, Plaintiff

---

[3] Though Plaintiff raises these theories in her opposition brief, they are not alleged in the TAC. The allegations related to Count VIII focus on unauthorized compensation that Mr. Daniel unjustly paid to himself and his associate in 2016 and 2017.

seeks funds or property in the possession of any person or entity other than Mr. Daniel.[4] And mere use of the phrase "damages" does not change the fact that Plaintiff is seeking the return of allegedly excessive compensation that Mr. Daniel made to himself. "[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78 (1962). "[W]here a party . . . seeks only non-compensatory, equitable remedies, the right to a jury does not inhere." *Citigroup Inc. v. VDN Sys., Inc.*, No. 08 CIV 7527 (SHS), 2008 WL 5274091, at *2 (S.D.N.Y. Dec. 16, 2008).

Consistent with the *Pereira* decision, many federal courts uphold the right to jury trial for fiduciary duty claims where plaintiff alleges that they incurred losses, which are generally legal in nature. *See, e.g.*, *Design Strategy,* 469 F.3d at 284 ("[N]one of these categories is 'damages' in the strict sense of remedying 'loss' to [Plaintiff] . . . . Rather, all these categories seek monies unjustly earned by [Defendants] or monies expended during litigation."); *In re: FKF 3, LLC*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *16-17 (S.D.N.Y. Aug. 30, 2016) (concluding that fiduciary duty claims seek a legal remedy where plaintiff-trustee alleged losses outside of the amounts equal to defendants' alleged unjust gains); *Sergent v. McKinstry*, 472 B.R. 387, 405-08 (E.D. Ky. 2012) (concluding that Plaintiff has jury trial right where unlawful self-dealing and mismanagement of company caused the company losses and its eventual downfall) (collecting cases).

In addition to alleging specific losses, plaintiffs must show that the losses resulted from the purported breach of fiduciary duty. *Soley v. Wasserman,* 2011 U.S. Dist. LEXIS 109470 at 33

---

[4] Plaintiff is correct that courts in this Circuit apply *Pereira* to distinguish remedies that are legal in nature from those that are equitable in nature. Pl.'s Opp. at 4–5. But as discussed earlier, she misapplies the *Pereira* holding. Unlike the instant case, the district court cases she cited all involve plaintiffs that sought monetary relief that was never personally paid to or was never in the possession of defendants. For example, the operative complaint in *Cunningham* demanded monetary relief for "(1) the amount of allegedly unreasonable fees paid by the Plans to third-parties, *which are sums that were never personally paid to defendants*; and (2) the amount of the alleged difference paid by beneficiaries for higher cost retail funds over lower cost institutional funds, *which are again sums never paid to defendants. Cunningham*, 2018 WL 4279466, at *2 (footnote omitted) (emphasis added).

(S.D.N.Y. 2011) ("When the plaintiff demands money damages, she must establish that the alleged breach of fiduciary duty was both a 'but for' and proximate cause of [her] damages"). The Court is not convinced, upon review of the TAC, that Plaintiff has alleged specific losses beyond an amount equal to Mr. Daniel's unauthorized payments and that such losses were factually and proximately caused by Mr. Daniel's conduct.

Plaintiff argues that she seeks to hold Mr. Daniel personally liable for unauthorized payments made to himself *and his associate* and that dismissal of "so much of the claim as it relates to the payments to the associate . . . does not change the nature of the claim when made." Pl.'s Opp. at 5. As Plaintiff acknowledges, the portion of Count VIII about payments made to the associate was dismissed by this Court at summary judgment. But she cites no legal authority, binding or otherwise, that for purposes of determining a federal jury trial right, courts must consider dismissed counts and allegations. "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531 (1970) (citing *Simler*, 372 U.S. at 221–23). After summary judgment, the remaining count solely deals with alleged excessive compensation that Mr. Daniel made to himself and, therefore, no jury is constitutionally required.

## II. Withdrawal of Restitutionary Relief

Though Plaintiff cites no legal basis for withdrawal of her claim for restitution, the Court construes her request as a motion to amend the TAC, pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff asks this Court to grant leave to withdraw her claim for restitution, if the Court finds that such relief would prevent her from exercising a jury trial right. She writes that withdrawal would guarantee that the remaining claim constitute a legal remedy. But the Court

disagrees and declines to grant leave for Plaintiff to amend the TAC at this very late stage in the litigation.

The only reason Plaintiff sets forth for why the Court should grant her permission to withdraw the claim for restitution is that it would not be futile. But considering the TAC fails to plead an adequate theory of monetary relief, as explained above, it would be futile. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991). Even if the Court granted leave to replead, mere use of the word "damages" would not convert her equitable claim into a legal one. Indeed, restitution is "limited to 'restoring the status quo and ordering the return of that which rightfully belongs'" to the plaintiff. *Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009) (citations omitted). "That the . . . remedy sought was in the form of monetary relief is not determinative of the jury trial issue." *Id.* at 122-23 (citations omitted).

Furthermore, granting such a request would cause undue delay at this late stage in the case. Plaintiff has already had numerous opportunities to amend the complaint and failed to add sufficient factual matter seeking a legal remedy for the remaining count. Discovery in this case closed on September 13, 2019, ECF No. 221; the Court has already decided summary judgment; and approximately sixteen months later Plaintiff effectively requested permission to file a Fourth Amended Complaint. ECF No. 288 at 6. Additionally, over seven years have passed since the filing of the original complaint. The Second Circuit has affirmed district courts' denial of motions to amend for less egregious delays than the ones present in this case. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) ("Plaintiffs sought to amend their complaint after an inordinate delay. By that time discovery had closed, defendants had filed for summary

judgment, and nearly two years had passed since the filing of the original complaint."). Therefore, the Court declines to permit Plaintiff to withdraw her claim for restitution from the TAC.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike a jury demand is **GRANTED**. The Parties are instructed to inform the Court of their availability for a bench trial in spring 2022 no later than **21 days** from the date this Memorandum and Opinion is issued.

**SO ORDERED.**

**Dated**: 9/15/2021
**New York, New York**

_____
 Hon. Andrew L. Carter, Jr.
United States District Judge